**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ATHON JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | No: 08-2531-KHV |
| MAIL CONTRACTORS OF AMERICA, INC., ) | |
| ) | |
| Defendant . ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion for Default Judgment (Doc. #13) which Mail Contractors of America ("MCA") filed December 19, 2008. Plaintiff filed his Complaint (Doc. #1) on October 23, 2008. MCA filed its Answer and Counterclaim (Doc. #10) on November 26, 2008 and served plaintiff by mail pursuant to Rule 5(b)(2)(C), Fed. R. Civ. P. Under Rules 12(a)(1)(B) and 6(d), Fed. R. Civ. P., plaintiff was required to respond to MCA's counterclaim within 23 days or by December 19, 2008.[1] Plaintiff did not respond by that date but on January 7, 2009, he answered MCA's counterclaim and responded to the motion for default judgment, stating that he had missed the deadline because he did not know that a deadline existed and at the time of MCA's filings, he was consulting an attorney who agreed to look over the counterclaim but never advised of the deadline to respond. See Response (Doc. #16) at 1. MCA responded with a Motion To Strike Plaintiff's Response to Motion for Default Judgment (Doc. #17) which it later withdrew. See Notice Of Withdrawal Of Motion to Strike (Doc. #25) and Order withdrawing same (Doc. #26), both filed January 30, 2009.

---

[1] Rule 12(a)(1)(B) requires a party to answer a counterclaim within 20 days after being served, and Rule 6(d) extends this deadline by three days when service is by mail.

-1-

MCA asks the Court to enter default judgment against plaintiff for failing to timely respond to its counterclaims, citing Rule 55, Fed. R. Civ.P.[2] MCA may not proceed directly to default judgment, however, before receiving an entry of default. Sheldon v. Khanal, No. 07-2112-KHV, 2007 WL 2213540, *2 (D. Kan. Aug. 1, 2007). Rule 55 contemplates a two-step process by which a party first receives an entry of default under Rule 55(a) and then applies for default judgment under Rule 55(b). Id. Because MCA cannot proceed directly to default judgment, the Court construes its motion as one for entry of default rather than one for default judgment. Id.;, see also Life Ins. Co. of North America v. Jenkins-Dyer, No. 08-2129 KHV, 2009 WL 297481, *3 (D. Kan. Feb. 6, 2009).

Typically, a matter such as this would come before the Court either unopposed (because the defaulting party continues to fail to plead or respond), see e.g., id., or (after entry of default) on a motion for relief under Rule 55(c), Fed. R. Civ. P., which permits the Court to set aside the entry of default for "good cause" shown by the defaulting party. See e.g., Clelland v. Grimes, No. 02-2223-KHV, 2003 WL 21105084, *3 (D. Kan. April 11, 2003). In the latter circumstance, the Court

---

[2] Rule 55, Fed. R. Civ. P. provides in relevant part as follows:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b) Entering a Default Judgment.
>
> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment.

would apply a liberal standard for setting aside an entry of default, determining "good cause" by considering factors such as (1) whether the default resulted from culpable conduct by the defaulting party; (2) whether the party awarded default would be prejudiced if it was set aside; and (3) whether the defaulting party has presented a meritorious defense. Id.

In this case, plaintiff responded to the application for default before the Court entered default. While the Court reminds plaintiff that pro se litigants must adhere to the same deadlines and follow the same procedural rules as other litigants, Patterson v. Seib, 2005 WL 2989295, *1 (D. Kan. Nov. 7, 2005), the Court is mindful that the preferred disposition of any case is on its merits and not by default. Clelland, at *3 (citing Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970)).

Liberally considering the "good faith" factors, the Court finds that plaintiff's failure to respond within 23 days was not culpable because he was relying on a lawyer to apprise him of deadlines. Further, the record contains no evidence that plaintiff's two-week delay materially prejudiced MCA, and MCA never argues as much. Neither party has addressed whether plaintiff's defenses are meritorious. Having found that plaintiff's conduct was not culpable and did not materially prejudice MCA, and because the law prefers that cases be disposed on the merits, the Court overrules MCA's motion.

**IT IS THEREFORE ORDERED** that the Motion for Default Judgment (Doc. #13) filed by MCA on December 19, 2008 be and hereby is **OVERRULED**.

Dated this 19th day of March, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge